## WYMAN *v.* CITIZENS' NAT. BANK OF FARIBAULT.

*(Circuit Court, D. Minnesota. February, 1887.)*

NATIONAL BANKS—LENDING MONEY UNLAWFULLY—PENALTY.

Rev. St. U. S. § 5200, providing that the amount for which any one individual or firm shall be indebted to a national bank shall not exceed a certain sum, when such a bank violates the provision by lending to one person an amount in excess of the limit, such person cannot set up the violation of the statute as a defense to his liability on the note. If a penalty is to be enforced against the bank, it can be done only at the instance of the government. A contract entered into by the bank in violation of this section is not void.

A bill of complaint is filed by the complainant asking that a promissory note signed by him as a joint maker be declared void, and that the defendant be required to deliver up the note for cancellation. The bill charges, in substance, that on the twelfth day of January, 1886, the firm of Jesse Ames' Sons borrowed of defendant $5,000, for which a promissory note was given, payable in four months, and that plaintiff, not a member of the firm, signed said note as a maker thereof; that the firm procured and induced him to sign the note for the sole purpose of evading the provisions of the banking law, (section 5200, Rev. St. U. S.;) and that the facts were well known to the defendant. It also appears in the bill that the bank has obtained a judgment, in which the amount of this note is included, against Jesse Ames' Sons, but the complainant was not made a party to the suit, and no judgment was obtained against him. A demurrer is interposed.

*D. A. Secombe,* for complainant.

*Cole, Bramhall & Morris,* for defendants.

NELSON, J. It is well settled that the federal courts no longer have jurisdiction upon the ground that the defendant is a national bank; but it is insisted that jurisdiction obtains under section 1 of the act of March 3, 1875; for the amount involved is over $500, and the suit arises, as plaintiff claims, under a law of the United States. I think the decisions of the United States supreme court heretofore made warrant the conclusion that objections of the character presented to a breach of the banking law by a national bank can only be urged by the government, and the substance of complainant's bill of complaint is virtually an objection to the breach. In this case the other makers of the note, who received the consideration, could not escape payment although the money was loaned in violation of the act. This is conceded. The contract is not void as to them, and I see no equity in releasing the complainant, and applying a different rule to him. He knew the obligations assumed when he signed the note to aid the plaintiff in making the loan, and he was equally liable with the other makers. The true rule is that, if the bank is to be punished for a violation of law, the government must enforce the penalty, and not an individual. The banking law, when fully examined, does not make the contract entered into in violation of section 5200, Rev. St., void, and the stockholders are not to suffer when such a claim is made, under the circumstances suggested in the record. If it is desirable to punish a bank for a violation of law, I have no doubt the proper officer of the government would, on sufficient proofs, commence proceedings.

Demurrer sustained, and bill dismissed.